[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: March 5, 1996
Date of Application: March 18, 1996
Date Application Filed: April 2, 1996
Date of Decision: February 25, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury, Docket Number MV95-316805S.
Joseph Dimyan, Esq., Defense Counsel, for Petitioner
Kevin Black, Esq., Assistant State's Attorney, for the State
BY THE DIVISION:
After a plea of nolo contendere, petitioner was convicted of two counts of manslaughter in the second degree with a motor vehicle while intoxicated in violation of General Statutes § 53a-56 (b). As a result of such conviction, concurrent sentences of ten years execution suspended after four years with five years probation were imposed. The total effective sentence is ten years execution suspended after four years, probation for five years.
The facts underlying petitioner's conviction indicate that on June 1, 1995, he was operating a 1995 Chevrolet Blazer at a high rate of speed while under the influence of alcohol. In attempting to negotiate a bend in the road, petitioner lost control of the vehicle. The wheels of the vehicle struck a grass verge. The vehicle became airborne and landed on its back on the west side of the road. It became airborne again and landed on the east side hitting the grass verge on that side of the road and becoming airborne again. The vehicle then rotated 180 degrees and hit a tree four feet five inches from CT Page 3382 the base which snapped off the top of the tree. The vehicle ended up on its roof and had struck a stone wall. Two young men who were passengers in the car died as a result of petitioner's conduct.
Petitioner's attorney claimed that the sentence imposed was excessive and should be reduced. The attorney argued that the amount of alcohol consumed by petitioner was in question and that the State would have had a difficult time establishing that he was under the influence if the case had gone to trial. He stated that petitioner entered his plea so as not to put the families of the victims through the rigors of a jury trial. Counsel argued that the cause of the accident was simple negligence. He argued that just prior to losing control of the vehicle, petitioner turned to talk to a passenger while operating at the excessive speed. He argued that this was the primary cause of the accident and not petitioner's consumption of alcohol.
It was pointed out that petitioner had no criminal record, that he was a young man with some potential and he fully accepted his responsibility for the offense showing considerable remorse for the victims.
Under all of the circumstances, the attorney argued that the sentence should be reduced.
The state's attorney argued against any reduction. He argued that petitioner had consumed a considerable amount of alcohol and was clearly under the influence at the time of the offense. The attorney also pointed out that petitioner continued to drink after the accident. The attorney stressed the excessive speed at which petitioner was operating the vehicle and pointed out that petitioner had received a speeding ticket prior to this offense.
The state's attorney stressed the fact that petitioner's conduct caused the death of two innocent people. It was also argued that the judge gave petitioner credit for all of the factors now advanced by his attorney.
The state's attorney agreed that the sentence imposed was inappropriate. He argued, however, that the sentence should have been higher and suggested a sentence of 15 years with the execution suspended after seven years as being more CT Page 3383 appropriate.
Petitioner, knowing the risks that his conduct would entail, voluntarily consumed alcohol and placed himself under the influence of that substance. While under the influence, he operated the motor vehicle at a grossly excessive speed causing the death of two innocent young men. The sentence imposed was far from excessive under the circumstances.
In light of the nature of the offense and the need to protect the public from such conduct, it cannot be found that the sentence was inappropriate or disproportionate, and it should not be reduced. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.